**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25-cr-00396 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| RICO HAMPTON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Rico Hampton has been accused of illegally possessing a firearm in violation of 18 U.S.C. § 922(g)(1). On February 5, 2026, Mr. Hampton filed a motion to dismiss his indictment on the grounds that the law is unconstitutional, both facially and as applied to Mr. Hampton, under the Second Amendment as interpreted by the Supreme Court in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). For the following reasons, the Court denies Mr. Hampton's motion [21].

**BACKGROUND**

Mr. Hampton stands accused of illegally possessing a firearm in violation of 18 U.S.C. § 922(g)(1), which criminalizes the possession of a firearm by those previously convicted of a felony offense. The charges arise out of Mr. Hampton's alleged possession of a firearm on August 1, 2024, after having been convicted of aggravated robbery in 2019. He was sentenced to 10 years' imprisonment for the aggravated robbery conviction but was ultimately released from parole for that offense on or about July 24, 2024. After his August 1, 2024 arrest, he was released from custody and placed on electronic monitoring. On July 15, 2025, a special grand jury returned the indictment commencing this case. An arrest warrant was executed as to Mr. Hampton on August 25, 2025. He has since remained in custody.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Rule 12 authorizes defendants to challenge the lawfulness of a prosecution on purely legal, as opposed to factual, grounds. *See United States v. Coscia*, 866 F.3d 782, 790 (7th Cir. 2017) (considering defendant's contention that the indictment must be dismissed because the statute under which it is brought is unconstitutionally vague). A court may decide all questions of law raised in a motion to dismiss, including the constitutionality and interpretation of a federal statute. *See United States v. Sorich*, 523 F.3d 702, 706 (7th Cir. 2008)

## DISCUSSION

In June 2022, the Supreme Court announced *Bruen* and created a new test for determining whether firearm restrictions are constitutional. First, courts must determine whether the "Second Amendment's plain text covers an individual's conduct." *Bruen*, 554 U.S. at 24. If so, then the conduct is presumptively constitutional, and the restriction can only be permitted if "it is consistent with the Nation's historical tradition of firearm regulation." *Id.*

In *United States v. Rahimi*, the Supreme Court clarified that the Second Amendment "permits more than just those regulations identical to ones that could be found in 1791." 602 U.S. 680, 692 (2024). There, the Court found that "our Nation's firearm laws have included provisions preventing individuals who threaten physical harm to others from misusing firearms" since the founding of the country. *Id.* at 690. Such laws are "consistent with the principles that underpin our regulatory tradition." *Id.* at 692. While the Supreme Court has not yet considered whether § 922(g)(1) remains constitutional, it ruled in *Rahimi* that a related provision within the same statute challenged by Mr. Hampton passes *Bruen*'s new test. *Id.* at 701–702 (upholding statute disarming a person subject to a

2

domestic violence restraining order that, among other things, finds that the person "represents a credible threat to the physical safety" of an intimate partner or child).

The Seventh Circuit foreclosed facial challenges to the constitutionality of § 922(g)(1) in *United States v. Gay*, finding arguments against the statute's validity "hard to square" with "longstanding prohibitions on the possession of firearms by felons." 98 F.4th 843, 846 (7th Cir. 2024); *see Cade v. United States*, No. 24-CV-2804, 2025 WL 3215776, at *3 (N.D. Ill. Nov. 18, 2025) (Coleman, J.). The Court agrees that *Gay*'s conclusion is consistent with *Rahimi*, which recognized that "prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'" *Rahimi*, 602 U.S. at 699. Even prior to *Gay*, this Court ruled repeatedly that § 922(g)(1) is consistent with this country's historical tradition of firearm regulation and is facially constitutional. *See United States v. Vaughns*, No. 22-CR-00636, 2023 WL 8258575 (N.D. Ill. Nov. 29, 2023) (Coleman, J.); *United States v. Washington*, No. 23-CR-00274, 2023 WL 8258654 (N.D. Ill. Nov. 29, 2023) (Coleman, J.); *United States v. Griffin*, 704 F. Supp. 3d 851 (N.D. Ill. 2023) (Coleman, J.); *United States v. Hudson*, No. 21-CR-00576, 2024 WL 68327 (N.D. Ill. Jan. 5, 2024) (Coleman, J.); *United States v. Foster*, No. 20-CR-00272, 2024 WL 263066 (N.D. Ill. Jan. 24, 2024) (Coleman, J.). The Court sees no need to revisit its prior holdings based on Mr. Hampton's arguments, which essentially repeat those presented in previous cases.[1]

The Court previously ruled that *Gay* "left the door open for as-applied challenges to [§ 922(g)(1)]." *Cade*, 2025 WL 3215776 at *3 (citing *Gay*, 98 F.4th at 846). In *Griffin*, this Court concluded that the historical record supports a finding that legislatures categorically disarmed individuals who they feared would disregard the law and disturb the social order. *Griffin*, 704

---

[1] The Court previously criticized the Government for appealing to "this country's sad history of legal discrimination," such as slavery, Native American subjugation, and discrimination against religious minorities, to show that § 922(g)(1) is constitutional. *See, e.g., Cade*, 2025 WL 3215776 at *4; *Griffin*, 704 F. Supp. 3d at 859–60. Because the Government, while "intending no disrespect or insensitivity," readvances the same arguments here, it bears repeating: such examples are not only morally but also legally deficient, because a plainly unconstitutional law (even if not understood as such at the time) cannot reasonably be used to establish the constitutionality of a supposedly analogous law.

F.Supp.3d at 856–57, 862–63 ("The Court finds that a historical rationale exists for disarmament based on perceived danger."); *see also Rahimi*, 602 U.S. at 690.

Mr. Hampton claims that his prior convictions are not recent nor serious enough for § 922(g)(1) to apply in his case. Mr. Hampton does not dispute that he was convicted of violent felonies; indeed, aggravated robbery, however, is by its nature a violent felony, using "the force of fear of violence directed at the victim in order to deprive him of his property." *United States v. Smith*, 109 F.4th 888, 892 (7th Cir. 2024) (internal citation omitted); *see also Welch v. United States*, 604 F.3d 408, 410–11, 428–29 (7th Cir. 2010) (recognizing that robbery under Illinois law is a violent felony). At sentencing for his aggravated robbery conviction, the parties stipulated that the evidence against Mr. Hampton at trial would have shown that he robbed an individual through threat of force by acting as though he possessed a firearm. Mr. Hampton was subsequently in custody from 2019 to 2024, and was arrested for the instant offense eight days after his parole ended. Further, he was arrested again in April 2025 for felony possession of a weapon and aggravated unlawful possession of a weapon, after his allegedly violation of § 922(g)(1) in this case.[2] That is sufficient to support a finding that allowing him to possess a firearm would pose a danger to the community. Section 922(g)(1) is therefore constitutional as applied to Mr. Hampton.

## CONCLUSION

For the foregoing reasons, the Court denies Mr. Hampton's motion to dismiss [21].

**IT IS SO ORDERED.**

Date: 5/20/2026

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

---

[2] Subsequent charges were brought in the Circuit Court of Cook County under Case No. 25 CR 0523301.

4